UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TRACY WOODARD
    Plaintiff,

v.

No. 3:14-1725
CHIEF JUDGE HAYNES

CORIZON, INC., et al.
    Defendants.

## MEMORANDUM

Plaintiff, Tracy Woodard, an inmate at the Turney Center Industrial Prison in Only, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Corizon, Inc., a health care provider; John Doe, the Health Administrator at the Charles Bass Correctional Complex; four fellow members of the Charles Bass staff; f/n/u Simmons, Warden at the Deberry Special Needs Facility; Kevin Rea, the Health Services Administrator at Turney Center; and Dr. Otis Campbell, a physician at Turney Center. Plaintiff seeks declaratory, injunctive and monetary relief for the alleged denial of medical care.

From a review of the complaint, Plaintiff fails to set forth with any degree of specificity the nature of his claims or the role each defendant played in the alleged violation of his constitutional rights. Attachments to the complaint reflect that Plaintiff suffers from glaucoma and believes that the Defendants have not provided him with adequate health care for this condition.

To state a claim for relief under § 1983, Plaintiff must allege plausible facts that the Defendants, while acting under color of state law, deprived him of a right or privilege secured by the

1

Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care that requires prison officials to be deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

The attachments to Plaintiff's complaint show that Plaintiff has been examined by prison doctors who are aware of his condition, and has been taken to the Nashville General Hospital and the Vanderbilt Eye Institute for treatment. Plaintiff acknowledges that "I do have proper medication". These factual allegations do not evince deliberate indifferent to the Plaintiff's serious medical needs. Plaintiff challenges the adequacy of the care provided to him.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v. Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, 429 U.S. at 105-106. Therefore, the Court concludes that Plaintiff fails to state a claim fore any violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the Court must dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

ENTERED this the 2nd day of September, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

2