IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RECEIVED
IN CLERK'S OFFICE
DEC 3 1 2014
U.S. DISTRICT COURT
MID. DIST. TENN.

| | |
|---|---|
| TRACY WOODARD )<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORIZON INC., et al. )<br>Defendants. ) | CASE NO. 3:14-1725<br>SENIOR JUDGE HAYNES |

## MOTION FOR RELIEF FROM JUDGMENT

Plaintiff moves pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure* for an order setting aside the final judgment (Docket Entry No. 4) entered on September 2, 2014. As grounds for this motion, Claimant avers:

1. In support of this motion, Plaintiff is filing a Memorandum of Law ("*Memo*").

2. Because Plaintiff did not understand the law, his complaint (Docket Entry No. 1) focused on the inadequacy of the care received, rather than facts that demonstrate deliberate indifference. Plaintiff's inarticulate complaint led the court to mistakenly conclude that Plaintiff's claim is based solely on "the adequacy of the care provided to him" (Docket Entry No. 3), which in turn led the court to dismiss for failure to state a claim. *Memo*, § I(B).

3. Prison officials failed to provide meaningful, affirmative assistance in the preparation of legal papers in this matter, denying Plaintiff access to the courts. *Memo*, § I(C).

4. Plaintiff's excusable neglect (the deficient complaint) stems from his ignorance of the law, his difficulties in reading and writing due to visual impairment, and Turney Center Industrial Complex ("TCIX") prison officials' failure to facilitate access to the courts. *Memo*, § I(C).

5. Pro se litigants are allowed an opportunity to amend deficient complaints before the reviewing court finally dismisses the complaint, and the plaintiff should be allowed to do so. *Memo*, § I(D).

6. The opposing party would not be prejudiced if the motion were granted. *Memo*, § I(E).

7. Plaintiff is likely to succeed on the merits. *Memo*, § I(F).

8. This motion if filed less than "a year after the entry of the judgment." *Fed.R.Civ.P.* 60(c)(1).

9. Plaintiff's deficient complaint was a result of "mistake, inadvertence, surprise, or excusable neglect." *Fed.R.Civ.P.* 60(b)(1).

10. Plaintiff is a layman at law and possesses no specialized education to enable Plaintiff to proceed before this Court in this cause of action *propria persona* in an adequate or competent fashion.

WHEREFORE, for the foregoing reasons and those in the Memo, Plaintiff prays that this Honorable Court will set aside the judgment (Docket Entry No. 4) entered on September 2, 2014, and grant leave to amend the complaint.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of December, 2014

_____
Tracy Woodard #159910
Turney Center Industrial Complex
1499 R. W. Moore Memorial Hwy.
Only, Tennessee 37140-4050

2