# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TRACY WOODARD ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:14-1725 |
| ] | Judge Haynes/Brown |
| CORIZON, INC., et al. ] | |
|     Defendants. ] | |

To: William J. Haynes, Jr., Senior District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

The plaintiff, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. On August 22, 2014, he initiated the instant action with the filing of a complaint (Docket Entry No. 1) brought pursuant to 42 U.S.C. § 1983.

The Court, as it was obliged to do, conducted a *sua sponte* review of the complaint and found that the plaintiff had failed to state a claim upon which relief could be granted. Accordingly, an order (Docket Entry No. 4) was entered dismissing this action. 28 U.S.C. § 1915(e)(2).

The plaintiff then filed a Rule 60(b) motion seeking relief from the order of dismissal, which motion was granted (Docket Entry No. 10). The plaintiff was given an opportunity to amend his complaint to avoid the *sua sponte* dismissal. LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013).

The plaintiff then filed an amended § 1983 complaint (Docket Entry No. 17). By an order (Docket Entry No. 14) entered March 9, 2015, the Court referred this action to the undersigned "to hear and determine any pretrial issues, motions, including discovery matters, to conduct any

necessary conferences and hearings and to submit a report and recommendation for disposition of any motion filed under Fed. R. Civ. P. 12, 15, 56 and 65."

The new claims set forth in the amended complaint have not been subjected to the *sua sponte* review required by statute. 28 U.S.C. § 1915(e)(2). Such a review may be conducted "at any time". *Id.* Therefore, the undersigned has now conducted the requisite review.

Plaintiff brings this action against Corizon, Inc., a health care provider under contract to the Tennessee Department of Correction; Brenda Boyd, Medical Director at the Charles Bass Correctional Complex (C.B.C.X.); Dr. Otis Campbell, Medical Director at Turney Center; John Doe, the Administrator of Health Services at C.B.C.X.; Kevin Rea, the Health Services Administrator at Turney Center; Mike Johnson, a Unit Manager at C.B.C.X.; f/n/u Qualls and Simmons, Wardens at C.B.C.X.; and Dr. Inocentes Sator, a physician at C.B.C.X.; seeking declaratory, injunctive and monetary relief.

According to the amended complaint, the plaintiff suffers from acute glaucoma. While incarcerated, surgery was performed to alleviate the plaintiff's condition. Docket Entry No. 17 at pg. 7. Despite this surgery, the plaintiff claims that the defendants have violated his Eighth Amendment right to medical care. More specifically, he alleges that the defendant, Corizon, Inc., has a policy against approving expensive medical procedures such as his surgery. *Id.* at pg. 11. Plaintiff further alleges that defendants Boyd, Campbell, Doe, Rea and Sator acted in pursuance of that policy to delay the plaintiff's surgery. *Id.* As a consequence, the plaintiff has suffered a permanent loss of vision in his left eye. *Id.* at pg. 8. He asserts that the defendants, Johnson, Qualls and Simmons were aware of plaintiff's need for surgery but neglected to take any action to get the plaintiff the medical care he needed.

To state a claim under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials have been deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). Because deliberate indifference could be inferred from the plaintiff's allegations, the undersigned finds that the plaintiff has stated a colorable claim for relief. 28 U.S.C. § 1915A.

Liability under § 1983, however, can not be based upon a mere failure to act. Active unconstitutional behavior is needed. Combs v. Wilkinson, 315 F.3d 548, 558 (6th Cir. 2002). Likewise, § 1983 relief will not be granted against prison officials whose only involvement was the denial of administrative remedies. Summers v. Leis, 368 F.3d 881, 888 (6th Cir. 2004); *see also* Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

The plaintiff asserts claims against Johnson, Qualls and Simmons based simply upon their perceived failure to bring his medical issues to the attention of the appropriate staff. Docket Entry No. 17 at pgs. 7 and 10. As noted above, such allegations, without more, are not actionable.

## RECOMMENDATION

For the reasons stated above, the undersigned respectfully RECOMMENDS that the plaintiff has failed to state a claim against the defendants Johnson, Qualls and Simmons, and that all claims against them should be dismissed with prejudice. 28 U.S.C. § 1915(e)(2). By separate order, the Magistrate Judge will direct the Clerk to send service packets for the remaining defendants to the

3

plaintiff.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1). Failure to file written objections within the specified period of time may be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                        Respectfully submitted,

                                        /S/ Joe B. Brown
                                        Joe B. Brown
                                        United States Magistrate Judge