```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
        NASHVILLE DIVISION
```

TRACY WOODWARD,                )
                               )
        Plaintiff              )
                               )        No. 3:14-1725
v.                             )        Judge Crenshaw/Brown
                               )        **Jury Demand**
CORIZON, INC., *et al.*,       )
                               )
        Defendants             )

**TO: THE HONORABLE WAVERLY D. CRENSHAW, JR.**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the Defendants' motion for summary judgment (Docket Entry 70) be granted and this case be dismissed with prejudice. It is further recommended that any appeal from a judgment in this matter not be certified as taken in good faith.

### BACKGROUND

The Plaintiff's complaint in this matter (Docket Entry 1) was stamped as filed on August 22, 2014. Applying the mailbox rule for filing by a prisoner, the effective date is August 20, 2014, the date it was signed. *See Houston v. Lack*, 487 U.S. 266, 267 (1988).

The original complaint (Docket Entry 1) was dismissed September 3, 2014, for failure to state a cause of action (Docket Entry 5). Subsequently, the Plaintiff requested a relief from judgment in this matter (Docket Entry 8), which was granted (Docket Entry 10) and the Plaintiff was allowed to file an amended

complaint. The amended complaint was filed April 27, 2015 (Docket Entry 14) and it is the operative complaint in this matter.

Afer a review of the amended complaint the Magistrate Judge recommended that claims against three of the Defendants be dismissed with prejudiced (Docket Entry 18). The report and recommendation was adopted on May 22, 2015 (Docket Entry 23), after the Plaintiff failed to file any objections. After some difficulty in obtaining service of process on the Defendant Akinyele, all Defendants filed answers and the scheduling order was entered in the case (Docket Entry 63).

In the scheduling order the Plaintiff was specifically warned that dispositive motions must be responded to and that failure to respond to such a motion and to statements of fact may result in the Court in taking the facts alleged in the matter as true and granting the relief requested. The Plaintiff was further cautioned that he could not just rely on the complaint, he must show that there is a material dispute of fact with citations to the record, affidavit or other matters of evidence. He was directed to read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01(a).

The present Defendants in the matter are Corizon, Inc., Brenda Boyd, Inocentes Sator, Otis Campbell, Kevin Rae, and Emmanuel Akinyele, all of them represented by the same attorney. As the Magistrate Judge pointed out in the report and recommendation (Docket Entry 18), the Plaintiff alleged that he suffered from

acute glaucoma and that while incarcerated surgery was performed to alleviate his condition (Docket Entry 17, par. 38). However, despite this surgery the Plaintiff claims that the Defendants have violated his Eighth Amendment right to medical treatment in that the Defendant Corizon, Inc. has a policy against approving expensive medical procedures such as his surgery (Docket Entry 17, par. 64). At paragraph 65 he further alleged that the Defendants Boyd, Campbell, and Akinyele acted in pursuance of that policy to delay the plaintiff's surgery. He alleges that as a consequence he has suffered permanent loss of vision in his left eye (paragraph 50-54).

The Defendants, in their motion for summary judgment, have raised the statute of limitations as a defense. The verified complaint (Docket Entry 17, par. 16) alleges that on July 19, 2011, Dr. Gregory, a specialist familiar with the Plaintiff's history, wrote a letter stating that the glaucoma drops the Plaintiff was taking were not taking care of the problem and that the Plaintiff needed to be evaluated by a glaucoma specialist who would most likely perform a surgical procedure.

On March 12, 2012, (Docket Entry 17, par. 17) Dr. Bishop, another specialist familiar with the Plaintiff's medical history, wrote an order directing that the Plaintiff be seen by an ophthalmologist when he is having an acute glaucoma episode. On September 12, 2013, (Docket Entry 17, par. 18) Dr. Kuchtey, another specialist familiar with the Plaintiff's medical history, wrote to

the prison officials that the Plaintiff needed to be seen by an ophthalmologist at Metro when inflamed. On November 28, 2012, (Docket Entry 17, par. 19) the Defendant Sator noted that the Plaintiff needed to be seen at Metropolitan General Hospital (MGH) by Dr. Grove, when his eye was inflamed.

On January 3, 2013, (Docket Entry 17, par. 20) Dr. Grove, a specialist familiar with the Plaintiff's medical history, wrote to prison officials and stated that is imperative, that if the Plaintiff begins to have an episode, he be brought to the eye clinic at MGH immediately so that assessments during increased eye pressure could be made. This could lead to a definite diagnosis.

On March 26, 2013, (Docket Entry 17, par. 22) Dr. Grove wrote a physician's order directing Plaintiff be brought to her if he had an increase in pain/vision/swelling/flashes/floaters. On May 16, 2013, (Docket Entry 17, par. 23) Dr. Grove again wrote to prison officials stating that the Plaintiff did not follow up with Dr. Joos, the glaucoma specialist on April 19, 2013, and that it was critical that he be present for the scheduled clinic appointment on June 21, 2013, where Dr. Joos could evaluate him for tube shunt glaucoma surgery to protect his left eye from further vision loss. On August 16, 2013, (Docket Entry 17, par. 24) Dr. Grove a physicians placed an order directing that if the Plaintiff has nerve eye pain please come immediately to the emergency room.

Plaintiff alleges (Docket Entry 17, par. 32-33) that the Defendant Corizon required his medical advisors to obtain approval

4

prior to sending patients for specialized medical care and that these approvals significantly delayed specialized medical care. He alleges (Docket Entry 17, par. 34-36) that he was taken to both MGH and Vanderbilt eye institute for specialized medical care on several occasions, but that these appointments did not take place in a timely manner, and that by the time he was seen his eye pressure was back to normal making a definitive diagnosis impossible. Plaintiff alleges (Docket Entry 17, par. 37-38) that his eye surgery was approved on August 21, 2013, and performed on August 22, 2013.

In his complaint the Plaintiff provides in some detail his allegations concerning treatments beginning in 2012. He alleges (Docket Entry 17, par. 48) that on September 17, 2013, Dr. Joos, his surgeon and attending physician, wrote to prison officials regarding his post-operative followup care and stated that the surgery required multiple followup appointments. He has not been seen since his appointment on August 27, 2013, and this represents a danger to his eye. Dr. Joos, again on January 24, 2014, (Docket Entry 17, par. 49) wrote concerning the Plaintiff's failure to be seen following his last appointment on October 18, 2013. The Plaintiff alleges that he exhausted his administrative remedies (Docket Entry 17, Fed.Appx. pp. 15-19).

The grievance procedure he refers to shows that he filed a grievance on September 27, 2012, complaining that he is a chronic glaucoma patient, and by the time he ever gets back to the doctor

5

his eye pressure is back down to normal, and that although he has had seven documented episodes of excessive eye pressure, he has not been properly evaluated and that on his next episode he needs to be seen by a specialist while he is having the episode.

On October 8, 2012, the grievance was denied per TDOT policy 501.01 VI-H-8 on the grounds that a diagnosis of medical professions and medical copay is inappropriate to the grievance procedure. The Plaintiff signed the response on October 11, 2012. The Plaintiff, despite his allegation he requested an appeal (Docket Entry 17, par. 60) did not check the box as to whether he did or did not wish to appeal (Docket Entry 17, page ID 87).

Subsequently, on June 3, 2016, all Defendants filed a motion for summary judgment accompanied by a statement of material facts, memorandum, and the Plaintiff's medical records (Docket Entry 70). On August 11, 2016, well after the time for response, the Plaintiff requested an extension of time (Docket Entry 71), which although opposed as untimely, was granted in part (Docket Entry 73) and the Plaintiff was given until September 16, 2016, to file a response to the summary judgment motion. On September 19, 2016 (Docket Entry 76), a motion was filed for leave to file an amicus brief by Inmate Robert Z. Whipple, III on behalf of the Plaintiff. This motion was denied (Docket Entry 78). As the Magistrate Judge noted, Mr. Whipple, a nonlawyer, could not properly file an amicus brief on behalf of the Plaintiff. The Magistrate Judge noted that Mr. Whipple could send suggestions to

6

the Plaintiff, but that the Plaintiff was responsible for filing a response personally or through an attorney.

As of the date of this order the Plaintiff has not filed any response to the summary judgment motion or requested additional time.

## STANDARD OF REVIEW

To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party cannot simply "rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). To defeat a motion for summary judgment, "the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (citing *Anderson*, 477 U.S. at 251). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient." *Tingle*, 692 F.3d at 529 (citing *Anderson*, 477 U.S. at 251). Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

The motion is ready for disposition.

**LEGAL ANALYSIS**

The Plaintiff has failed to respond to the statement of material facts (Docket Entry 70-1). Accordingly, the Magistrate Judge has reviewed the statements and will find them governing the case except as otherwise noted.[1]

**Statement G** will be accepted, except the date of the filing will be considered as **August 20, 2014**, in accordance with the mailbox rule, which considers the complaint deemed filed when it is handed over to prison officials for mailing. *Brand v. Motley*, 526 F.39 921, 925 (6th Cir. 2008).

**Statements H through Z** appear to be supported by the medical records. It should be noted that all of these events occurred before the statute of limitations ran in this case. Tennessee has adopted a one-year statute of limitations, which is applied to 1983 claims. *Ernst v. Correctional Medical Services, Inc.*, 389 Fed.Appx. 562, 565-66 (6th Cir. 2010) *(citing* Tennessee Code Annotated § 28-3-104). The cause of action accrues when the Plaintiff knows or has reason to know if the injury he has is the

---

[1] The Defendants' used letters to designate the statement of facts. Figures should have been used, not letters.

basis for his action. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). In this case, given the grievance filed by the Plaintiff in September 2012, it is clear that the Plaintiff was aware of problems with his eyes and was complaining about lack of treatment. In their motion for summary judgment the Defendants do not raise a failure to exhaust administrative remedies. Had the Plaintiff attempted to exhaust his administrative remedies the case of *Brown v. Morgan*, 209 F.3d 595 would allow an extension of the statute of limitations during the time the Plaintiff was attempting to exhaust those administrative remedies. The only evidence the Plaintiff has introduced concerning his exhaustion of administrative remedies is his grievance filed in September 2012, which would have at most added a few weeks. Unfortunately for the Plaintiff, however, a 2012 grievance cannot add time to a complaint filed two years later.

Therefore, it appears that all claims by the Plaintiff prior to August 20, 2013, are barred by the statute of limitations. Since the Defendants did not raise a failure to exhaust administrative remedies, which is an affirmative defense, the Magistrate Judge will not consider failure to exhaust. *Jones v. Bock*, 549 U.S. 199 (2007).

The issue is whether the Defendants were deliberately indifferent to the Plaintiff's serious medical needs on or after August 20, 2013. *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976). This standard has both an objective and a subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001). The

9

Plaintiff at the summary judgment stage may not simply rely on his complaint, he must produce some evidence to support the claims even though they are verified. He must present evidence that the Defendants subjectively perceived facts from which to infer a substantial risk to the Plaintiff and that they did draw that inference and then disregarded the risks.

Negligent treatment does not meet the standard and negligence claims as such do not constitute violations of Section 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-6 (1976); *Mitchell v. Hininger*, 553 Fed.Appx. 602, 606-07) (6th Cir. 2013).

In order to determine whether deliberate indifference can be shown, the Magistrate Judge has in particular reviewed the medical records and the statement of facts from May 16, 2013 (Statement UU through VZZ and ZZZ) and viewed them in the light most favorable to the Plaintiff.

The medical records paint a fairly complete picture of the Plaintiff's treatment during this time span beginning in Docket Entry 70-3 at p. 35.[2]

The Plaintiff was given a thorough examination by Dr. Grove on May 16, 2013 (A-35-37). Dr. Grove noted at this time the Plaintiff had a history of glaucoma a decided high pressure and inflamation in the left eye. She did not note any symptoms at the time of the examination. She noted that he had been using steroid

---

[2]The medical records in the lower right corner have an identification of a "A-page number." Since the Defendants' brief uses these numbers, the Magistrate Judge will also use them.

in both eyes instead of the left eye only, and that he had stopped taking other medication, although not directed to do so. At this time she noted that his visual acuity was 20/20 in each eye with an inferonal step defect in the left eye. She noted that he had glaucoma in the left eye with recent episodes of mild inflamation and extremely elevated intraocular pressure around 60. She noted that he did not follow up as planned with an examination by Dr. Joos on April 19, 2013, and that it was critical that he be present for his next scheduled clinic appoint, which was scheduled for June 21, 2013. She believed that at this time Dr. Joos could evaluate him for tube shunt glaucoma surgery to protect his left eye from further vision loss. At this time she noted that his intraocular pressures were controlled well on maximum medical therapy prior to his mistaken steroid use in the right eye. She scheduled him to return on June 21, 2013, to see Dr. Joos, or sooner with any reoccurring symptoms. Contrary to the Plaintiff's contentions, she did not recommend surgery.

Page A-38 reflects that Dr. Sator on May 22, 2013, requested a followup appointment with Dr. Joos and an appointment was actually scheduled for August 16, 2013. On July 10, 2013, the Plaintiff complained that his eye pressure was going up and down (A-39) and Dr. Sator requested that the clinic be contacted to get an appointment sooner than August 16th.

Dr. Sator subsequently requested an appointment and Plaintiff was scheduled for eye surgery at Vanderbilt for August

22, 2013 (p. A-40 statement of uncontested facts (Docket Entry 70-1, ZZ-EEE).

The surgery was apparently uneventful. The subsequent medical records do not indicate any post-operative problems even though it is apparent that some followup appointments were missed.

Although the Plaintiff alleges in his complaint (Docket Entry 17, par. 48-54) that he missed appointments, he does not allege that the missed appointments caused him any further harm or further loss of vision. In fact, in Docket Entry 17, paragraphs 50 through 54, it appears that the loss of vision was caused prior to August 16, 2013. There is no allegation in the complaint or any proof that his loss of vision deteriorated further. Unfortunately, for the Plaintiff's case, the statute of limitations bars loss of vision prior to August 20, 2013. While there are some missed appointments subsequent to August 20, 2013, this does not appear to be because of deliberate indifference by any of the Defendants and as noted above there is no evidence that any of the missed appointments caused the Plaintiff any injury. *See also*, Statements of Fact BBB through PPP.

Despite ample opportunity for discovery, the Plaintiff has simply failed to come forward with any evidence to show an actual injury following his surgery on August 2, 2013. Likewise, there is no evidence that Corizon had a policy of not approving surgery for inmates. The medical records show that when outside appointments were requested they were generally approved and

scheduled promptly. The missed appointments do not appear to be the result of deliberate indifference by any of the Defendants, rather they appear to be the unfortunately result of prison bureaucracy transportation issues and scheduling problems. *Mitchell v. Hininger*, 553 Fed.Appx. 602, 607 (6th Cir. 2014).

### RECOMMENDATION

Despite the Plaintiff's failure to respond to the motion for summary judgment and the statement of material facts, the Magistrate Judge has carefully reviewed the record to insure the motion is well supported and recommends that the motion for summary judgment be granted and the claims against all Defendants be dismissed with prejudice and that any appeal from a dismissal of the Plaintiff's claims not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 15th day of November, 2016.

/s/  Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

13